UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                     Plaintiff,                      **Memorandum and Order**

  -against-                                   02-CV-4800 (JMA)

UNITED STATES CURRENCY IN THE
SUM OF SIX HUNDRED SIXTY
THOUSAND, TWO HUNDRED DOLLARS
($660,200.00), MORE OR LESS,

                     Defendant.
-----------------------------------------------------------X

APPEARANCES:

Steven L. Kessler
Law Offices of Steven L. Kessler
122 East 42nd Street, Suite 1350
New York, New York 10165
*Attorney for Claimant Samy Khalil*

Louis M. Freeman
Freeman, Nooter & Ginsberg
30 Vesey Street, Suite 100
New York, New York 10007
*Attorney for Claimant Abdel Soliman*

Roslynn R. Mauskopf
United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201
        *By:*    Douglas A. Leff
                 *Assistant United States Attorney*

**AZRACK, United States Magistrate Judge**:

      On April 6, 2006, this Court entered an Order[1] (the "decision"), granting Samy Khalil and

Abdel Moneim Soliman's ("claimants") motion to enforce a settlement agreement, orally entered

---

[1] By stipulation, the parties consented to have me preside over this case for all purposes, including entry of judgment (Dkt No. 52: Consent to Jurisdiction by U.S. Mag. J. (11/30/05)).

into with the United States Attorney's Office on February 9, 2005 and memorialized in a written stipulation on March 8, 2005.² See United States v. United States Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars ($660,200.00), More or Less, --- F. Supp. 2d ---, No. 02-CV-4800, 2006 WL 870967 (E.D.N.Y. Apr. 6, 2006). Specifically, this Court held that the Assistant United States Attorney ("AUSA"), who attended the settlement conference and drafted the settlement Stipulation, and the Chief of the Asset Forfeiture Division, who approved the settlement agreement, had actual authority to bind the government to the settlement. Id., at *4-8. In addition, this Court held both that the parties intended that the oral settlement agreement bind them and that the unexecuted Stipulation did bind them. Id., at *8-16. Lastly, this Court found that any information regarding claimants alleged ties to terrorism and their intentions regarding the currency was available to the government before it entered into the oral settlement and drafted the Stipulation. Id., at *16-17. Consequently, this Court determined that claimants were entitled to an award of attorneys' fees and costs under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d), because the government was not substantially justified in its refusal to execute the Stipulation, honor the oral settlement and the written agreement, or comply with the terms of the settlement.

On April 20, 2006, the government filed a motion for reconsideration (Dkt No. 59). For the reasons set forth below, the motion for reconsideration is granted. However, upon reconsideration, the Court adheres to the holding in its entirety, with the single exception that the Court grants the government's motion to withhold attorneys' fees and costs from claimant Soliman.

---

² Familiarity with this Court's April 6, 2006 Memorandum and Order is presumed.

**DISCUSSION**

In its motion for reconsideration, the government requests that this Court set aside the settlement under (i) Rule 60(b)(2), arguing that newly discovered evidence indicates that Khalil intended to use the money to finance terrorism in Afghanistan; (ii) Rule 60(b)(3), arguing that Khalil, through fraud and misrepresentation, concealed his intentions to finance terrorism in Afghanistan; or (iii) Rule 60(b)(6), arguing that releasing the currency poses a national security risk. See Fed. R. Civ. P. 60(b). The government also requests that this Court reconsider its award of attorneys' fees to claimants under the EAJA, reasserting its position that the government was substantially justified in its actions regarding the settlement and also arguing that claimant Soliman should not receive his attorneys' fees under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 28 U.S.C. § 2465(b)(1)-(2) (2000).

**I.     The Standard for a Motion for Reconsideration**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration; however, "[t]raditionally, courts treat such motions under the scope of Rule 59(e), which provides for alteration or amendment of a judgment as long as such motion is filed no later than ten days from the entry of judgment."[3] Sidney v. United States, No. 03-CV-791S, 2006 WL 1144549, at *1 (W.D.N.Y. Apr. 28, 2006). The standard for granting a motion for reconsideration is "strict", and reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). See Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (to prevail on a motion for reconsideration, "the movant must present '[factual]

---

[3] The government's Motion for Reconsideration was timely filed.

matters or controlling decisions . . . that might materially have influenced its earlier decision.'" (quoting Robins v. Max Mara, U.S.A., Inc., 923 F. Supp. 460, 472 (S.D.N.Y. 1996))); Patterson-Stevens, Inc. v. Int'l Union of Operating Eng'rs, 164 F.R.D. 4, 6 (W.D.N.Y. 1995) (Rule 59(e) permits reconsideration of a prior decision when there has been an intervening change in the law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice ). This standard must be strictly applied in order to "avoid repetitive arguments on issues that have been considered fully by the court." Griffin Indus., 72 F. Supp. 2d at 368.

This motion is not an opportunity for the government to "present[] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks omitted). See Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-0305, 1994 WL 494651, at *1 (N.D.N.Y. Aug. 10, 1994) (motions for reconsideration are "not to be used as a means to reargue matters already . . . disposed of by prior rulings or to put forward additional arguments" that could have been raised prior to the decision) (citation and internal quotation marks omitted). The decision to grant a Rule 59(e) motion is within the sound discretion of the court. See also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

## II. Claimant Soliman's Award of Fees, Costs, Interest, and Disbursements Pursuant to the Equal Access to Justice Act was in Error

The only argument in the instant motion that the Court previously had not considered is that claimant Soliman is not entitled to any award of fees or costs under the EAJA. Claimants had moved for attorneys' fees and expenses under the EAJA, 28 U.S.C. § 2412, contending that the government lacked substantial justification for its delays in finalizing the settlement agreement and that the government's disavowal of the settlement agreement was undertaken in bad faith. This

4

Court granted their motion under § 2412(d) due to the government's lack of substantial justification in refusing to acknowledge and abide by the terms of the settlement agreement. United States Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars, 2006 WL 870967, at *19-21. However, this Court denied claimants' motion for costs and fees under § 2412(b), because claimants had failed to prove the government's bad faith. Id. at *18-19.

Claimant Soliman pled guilty on December 18, 2002 before Judge Nicholas G. Garaufis to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, for attempting to smuggle the subject currency to Egypt through John F. Kennedy International Airport (Dkt Nos. 59, 95). As a result of Soliman's conviction, the currency was subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(1). The government was correct that due to his conviction, Soliman is not eligible for fees or costs under EAJA; instead, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") applies.

CAFRA states that its provisions for "reasonable attorney fees and other litigation costs reasonably incurred by the claimant" do not apply if "the claimant is convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law." 28 U.S.C. §§ 2465(b)(1)(A), 2465(b)(2)(B). See also United States v. $293,316 in United States Currency, More or Less, No. 03-CV-0278, 2005 WL 2476270 (E.D.N.Y. Oct. 7, 2005). Consequently, claimant Soliman is not eligible for any attorneys' fees or other litigation costs expended to enforce the settlement agreement. Correction of the Court's error, however, does not alter the result with regards to claimant Khalil, as his claim for attorneys' fees and costs is not subject to any of the CAFRA exemptions. See 28 U.S.C. §§ 2465(b)(1), 2465(b)(2)(B)-(C).

**III.     Relief from Judgement or Order under Rule 60(b)**

The government, in its reply to the motion to enforce the settlement, made a quasi-Rule 60(b) motion, confusingly presented as an argument to set aside the settlement because of a material misrepresentation. This Court was cognizant of the government's arguments then, which were asserted in the narrower context of a Rule 60(b)(3) motion, not the sweeping Rule 60(b)(2), (3) and (6) motions into which it has evolved. The Court considered the Rule 60(b)(3) argument when reaching its determinations and holdings (see United States Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars, 2006 WL 870967, at *16-17) and does not believe that it overlooked controlling law regarding this issue. The government has introduced no specific facts in this motion that were not considered before; thus, reconsideration does not compel any change to the prior decision in this matter. Additionally, the Court determined that evidence that the subject currency was intended to finance terrorism was known before the oral settlement was reached and the written Stipulation drafted and mailed by the United States Attorney's Office.

As a motion for reconsideration is not a "second bite at the apple", the government cannot ask the court to consider Rule 60(b)(2) and (6) motions now, when it failed to raise them in the prior motion practice. See Sequa Corp., 156 F.3d at 144. The Court denies the government's request that it view evidence in camera that allegedly would support their claim that new information had surfaced post-settlement. In fact, if the government's motion were granted, the Court would nevertheless require disclosure of the newly discovered information to claimants, who in the interest of due process and fundamental fairness have the absolute right to confront and challenge any such evidence. See, e.g., Marchello v. Chase Manhattan Auto Fin. Corp., 219 F.R.D. 217, 218 (D. Conn. 2004) ("Federal discovery rules 'make a trial less a game of blindman's buff and more a fair contest

with the basic issues and facts disclosed to the fullest practicable extent.'" (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958))); see also Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ."). Thus, the application for an in camera review of the government's evidence, collected post-settlement or otherwise, is denied. As previously stated, "[the government] had the benefit of a criminal investigation and prosecution, as well as comprehensive civil discovery from which they determined that settlement was in the best interest of the government . . . ." United States Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars, 2006 WL 870967, at *17. Upon reconsideration, the Court adheres to its prior decision.

## CONCLUSION

Accordingly, the motion for reconsideration is granted to the extent that, under CAFRA, claimant Soliman is not eligible for reimbursement of attorneys' fees or costs. All other issues raised in the motion for reconsideration are otherwise denied, and this Court's enforcement of the settlement agreement stands, as does its award to claimant Khalil of attorneys' fees and costs.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 16, 2006

                                                                    /s/_____
                                                                    JOAN M. AZRACK
                                                                    UNITED STATES MAGISTRATE JUDGE